Matthias, J.,
 

 dissenting. It is quite apparent that the intervention of the A. B. Peek Company could have no effect whatever upon the legal aspect of the case presented. The situation tersely presented is that the New York Central Bailroad has entered into a contract with a motor company to transport the freight collected by the New York Central at its various stations, from station to station on the route of this extension. This court held in
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 121 Ohio St., 588, 170
 
 *426
 
 N. E., 574, that that company could not transport its freight from station to station along this same route by motor-propelled vehicles without a certificate of convenience and necessity. The company was undertaking, through a contract with A. B. Peek, to haul freight between its stations on said route which had been originally delivered by shippers to the railroad company. Thereafter an application by the railroad company for such certificate was denied, and its action was affirmed by this court in an error proceeding brought by the railroad.
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596. Peek is now president of the Jackson Motor Freight Transportation, Inc., and seeks to extend the certificate now held so that he may carry out such contract with the New York Central Railroad and transport freight between the freight stations of the railroad company on said route. The certificate granted by the Public Utilities Commission restricts the operation authorized as follows: Conditioned, that the applicant “transport property only originating at the freight depot of the New York Central Railroad Company at Toledo, to stations along the line of the New York Central Railroad Company between Toledo and Danbury, and reverse, and between points intermediate thereto.”
 

 The view of the commission is that while it is the announced purpose of the applicant to haul exclusively freight which the railroad receives for delivery, the applicant would necessarily be hauling the goods of the public in general, and not the property of the railroad company itself. The commission concluded that the proposed operation as limited by its order would in no way affect the existing motor transportation company serving the same territory, since the railroad company is merely procuring by contract the transportation of goods over the public highway instead of itself transporting the same over its rails.
 

 
 *427
 
 The railroad company is not a party to this proceeding. Our question is whether the motor transportation law warrants the issuance of a certificate of public convenience and necessity to the applicant under the facts disclosed by this record. The facts here disclosed are substantially the same as were before the commission and this court in the case of
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596. As heretofore stated the railroad company in that proceeding sought a certificate of public convenience and necessity to conduct the same operation that is involved in this proceeding. In the opinion disposing of that case it was said, at page 377:
 

 “The New York Central Railroad Company as an applicant for a certificate of convenience and necessity to operate a line of motortrucks over the highways of the state, and thereby transport freight from place to place within the state, is in no better or different situation under the statute than any other applicant for such right and privilege. Under the statute there can properly be no discrimination in its favor, just as there can be no discrimination against it. It is the duty of the commission under the statute in every case to take into consideration other existing transportation facilities in the territory for which a certificate is sought, and where it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate the commission should refuse the application.
 

 “This case as presented is exactly the same as it would be if the application were filed by any motor-truck transportation company for a certificate covering territory fully and adequately served by duly certified operators. * * * The policy announced by the existing statutes, and frequently applied in these cases, is to preserve and protect previously certified transportation routes, not primarily for their benefit, but for the benefit of the public. The same plan, policy,
 
 *428
 
 and purpose have been followed in the protection and preservation of railroad transportation.”
 

 The present applicant for this certificate is in precisely the same situation as was the New York Central Railroad Company in the case just cited, and has shown no greater or different right to a certificate than did the railroad company in that case. The plaintiff in error has been certificated to haul freight by truck over the route in question. If the applicant were to serve the public generally in the matter of freight transportation it would then be rendering the very identical service for which the plaintiff in error has been granted a certificate. If the applicant is to serve the public in general then public convenience and necessity must be shown before it is entitled to a certificate. If it is not to serve the public generally, but, on the contrary, is only to operate a truck in the performance of a single contract of carriage, it is not in the service of the public generally and is not a motor transportation company under the terms of the statute. The applicant should therefore be denied a certificate of convenience and necessity upon the same ground that it was denied the New York Central Railroad Company in the case above cited.
 

 The order of the commission should therefore be reversed.
 

 Weygandt, C. J., and Stephenson, J., concur In the dissenting opinion.